## THEODULE LAUVE v. HIS CREDITORS.

The vendor is entitled to be paid out of the proceeds of the thing sold, before other privileged claims, with the exception of charges for affixing seals, for making inventories, and others necessary to procure the sale of the things. C. C. 3234.

APPEAL from the Parish Court of New Orleans, *Bermudez*, J., presiding.

*L. Janin*, for the appellant.

*D. Seghers*, contra, cited, *Delor* v. *Montegut's Syndics*, 4 Mart. 468. *Goforth* v. *His Creditors*, Ib. 519. *Janin* v. *His Creditors*, 10 La. 554.

SIMON, J. This is an appeal from a judgment homologating a tableau of distribution amended by the inferior court. The judge *a quo*, says, in the judgment appealed from, that "the general

charges and privileges must be paid first out of the proceeds of the moveables, after deducting the special privilege of Benoist, and *the deficiency is to be paid by a contribution pro rata, on the proceeds of each separate piece of real property or slaves,* and on the proceeds of the moveables subject to the special privilege of Benoist," &c. According to these principles, the First Municipality, having the vendor's privilege on certain real property, was placed on the tableau for the amount of the proceeds of the sale thereof, from which was deducted a contribution of nine and a quarter per cent on the amount, being the *pro rata* on such proceeds required to supply the deficiency in the funds necessary to pay the general charges and other special privileges. From this judgment thus amending the tableau filed by him, the syndic has appealed, and his complaint in this court is limited to the item concerning the claim of the First Municipality.

This case presents exactly the same question as one of those which were lately submitted to us, in the case of *Monrose* v. *His Creditors, ante,* p. 280, and in which we held, that according to art. 3234 of the Civil Code, the vendor was only bound to pay the commissions of the syndic who administered partly for his benefit, and such other charges as were necessary to affect the sale of the thing. Under this rule, the First Municipality was not bound to contribute *pro rata* to all the law charges, and other special privileges. Its contributions should have been limited to the charges specified in the article of the Code above referred to, which, in the present case, would consist in the proportion of the expenses of appraisement and public notices, the auctioneer's and syndic's commissions, charges for the auctioneer's stall, if paid by the syndic, and in the amount due to the surveyor, for his plat and services, if any such were made and rendered previous to the sale.

It is, therefore, ordered, that the judgment appealed from, so far as it relates to the contribution *pro rata* complained of by the First Muncipality, be reversed; that the tableau of distribution homologated by the lower court be amended, so as to charge the said Municipality only with the amount which it is bound to support under the rule above recognized; that the case be remanded for the purpose only of ascertaining and liquidating the amount of costs and expenses which the appellant is bound to support, and

the increase of the *pro rata* contribution which the other creditors will have to bear, in consequence of the change which this decree will necessarily occasion in the said contribution ; and that in all other respects, the judgment of the Parish Court be affirmed. The costs of the appeal to be borne by the appellees.